UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 17, 2012

LETTER TO COUNSEL:

RE: *Edward Eyring v. Commissioner, Social Security Administration*;
Civil No. SAG-11-2808

Dear Counsel:

On September 30, 2011, the Plaintiff, Edward Eyring, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Eyring filed his claim on January 7, 2008, alleging disability beginning on September 25, 2007. (Tr. 15). His claim was denied initially on April 2, 2008, and on reconsideration on August 22, 2008. (Tr. 59-63, 67-68). A hearing was held on January 20, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 28-56). Following the hearing, on March 26, 2010, the ALJ determined that Mr. Eyring was not disabled during the relevant time frame. (Tr. 15-27). The Appeals Council denied Mr. Eyring's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Eyring suffered from the severe impairments of an organic mental disorder and a back disorder. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Eyring retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 29 CFR 404.1567(c), in that the claimant can lift 50 pounds occasionally, 25 pounds frequently, stand/walk about 6 hours during an 8-hour workday, and sit about 6 hours during an 8-hour workday. The claimant should never climb ladders, ropes, or scaffolds, but he can frequently perform all other postural activities, including climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. The claimant should avoid even moderate exposure to hazards. In addition, the claimant has the following non-exertional limitations: the claimant has the ability to interact with others

> appropriately; however, he may be more sensitive to criticism. The claimant has difficulty adapting to changes in routine and tolerating work stresses, which therefore limits the claimant to performing routine, repetitive, unskilled tasks.

(Tr. 19-20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Eyring could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 26-27).

Mr. Eyring presents five arguments on appeal: (1) that the ALJ's Step Two findings were incomplete; (2) that the ALJ's mental RFC findings were inadequate; (3) that the ALJ's adverse credibility finding was erroneous; (4) that the RFC erroneously disregarded the opinions of three treating physicians, Dr. Gehris, Dr. Conaway, and Dr. Morrill; and (5) that the ALJ presented an improper hypothetical to the VE. Each argument lacks merit.

First, Mr. Eyring submits that the ALJ should have found his amnesic disorder, Meniere's disease, and vertigo to be severe impairments at Step Two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Although the ALJ did not go into great detail defining the "organic mental disorder" in his Step Two analysis, it is clear from the remainder of the ALJ's opinion that he considered both amnesic disorder and vertigo (the primary symptom of Meniere's disease) to be part of Mr. Eyring's "organic mental disorder." (Tr. 20-23). Because the ALJ listed the "organic mental disorder" as a severe impairment, no independent evaluation of the amnesic disorder or the Meniere's disease was required. With respect to tinnitus, the ALJ made specific Step Two findings and provided substantial evidence supporting his determination that Mr. Eyring's tinnitus was not a severe impairment.[1] (Tr. 17). Moreover, even if I were to agree that the ALJ erred in his evaluation of any of Mr. Eyring's impairments at Step Two, such error would be harmless. Because Mr. Eyring made the threshold showing that his organic mental disorder and his back disorder constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Mr. Eyring's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

Mr. Eyring's second argument is that the ALJ's determination of his mental RFC was not adequate, because he failed to address each of the mental requirements of work. However, Mr. Eyring appears to rest his argument on the contents of the bold-faced RFC heading in the ALJ's opinion. (Tr. 19-20). Although the heading does not expressly address each requirement, throughout the opinion, the ALJ provides a thorough analysis of each work-related mental function. (Tr. 18-26). For example, while the heading does not expressly mention the word

---

[1] The substantial evidence cited includes the fact that the tinnitus significantly predated the alleged onset date, and the fact that, other than hearing aids, Mr. Eyring has not received any significant treatment for tinnitus.

"memory," the ALJ states in the opinion that he has accounted for Mr. Eyring's difficulties in "concentration, persistence or pace" by "limiting him to unskilled, low-stress, routine and repetitive work activities." (Tr. 19). The discussion elsewhere in the opinion suffices to provide the required analysis. Moreover, the fact that the ALJ afforded little weight to certain medical evidence in determining Mr. Eyring's RFC does not invalidate the conclusions he reached, so long as his conclusions were based on substantial evidence. In this case, the extensive analysis provided by the ALJ provides ample substantial evidence to sustain his conclusion.

Third, Mr. Eyring contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. He determined that Mr. Eyring's "medically determinable impairment could reasonably be expected to cause the alleged symptoms." (Tr. 21). However, he did not find Mr. Eyring's testimony as to the intensity, persistence, and limiting effects of his symptoms to be credible. *Id.*

In his credibility analysis, the ALJ provided an extensive summary of Mr. Eyring's hearing testimony. (Tr. 20-21). He continued with an extensive review of the medical findings and of Mr. Eyring's reports, both to his doctors and to the state agency, of his activities of daily living. (Tr. 21-24). Specifically, the ALJ found that the robust activities of daily living reported by Mr. Eyring were "completely inconsistent" with the functional limitations he alleged from his impairments. (Tr. 24). Again, the comprehensive analysis provided by the ALJ provides substantial evidence to support his credibility conclusion.

Mr. Eyring's fourth argument, regarding the assignment of weight to three treating physicians, is also deficient. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically addressed the opinions of Drs. Morrill, Conaway, and Gehris. (Tr. 25). The ALJ cited to evidence showing that Dr. Morrill failed to account for Mr. Eyring's non-compliance with prescribed treatment, and evidence showing that Dr. Morrill had stated that Mr. Eyring's level of alleged back pain was unexplainable. *Id.* Moreover, the ALJ noted the inconsistencies between Dr. Morrill's specific opinions regarding Mr. Eyring's mental health condition and his other treatment records. *Id.* Although the ALJ's analysis of the opinions of Drs. Conaway and Gehris is less comprehensive, at that point in his opinion, the ALJ had already reviewed the reasons why he did not believe Mr. Eyring had disabling memory loss, Meniere's disease, sleep apnea, and headaches. I am readily able to discern, from the ALJ's analysis, the reasons he chose to afford little weight to the opinions of the three treating physicians. I find the ALJ's assignment of weight to be supported by substantial evidence.

*Edward Eyring v. Commissioner, Social Security Administration*
Civil No. SAG-11-2808
December 17, 2012
Page 4


   Fifth, Mr. Eyring argues that the ALJ presented an improper hypothetical to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Mr. Eyring's mental RFC. As a result, his hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid.

   For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

   Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.


                 Sincerely yours,

                  /s/

                 Stephanie A. Gallagher
                 United States Magistrate Judge